IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK APPLEGARTH,**          CASE NO. 2:07-cv-1207
                              **JUDGE SMITH**
    **Petitioner**            **MAGISTRATE JUDGE ABEL**

**v.**

**WARDEN, NORTH CENTRAL
CORRECTIONAL INSTITUTION,**

    **Respondent.**

## OPINION AND ORDER

On September 2, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations under 28 U.S.C. 2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 14. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Petitioner's request for an evidentiary hearing is **DENIED**. This action is hereby **DISMISSED.**

Petitioner asserts that he is entitled to equitable tolling of the statute of limitations between October 27, 2005, the date that his judgment of conviction became final, and December 1, 2005, because according to petitioner, his attorney promised to file an appeal but did not, and because petitioner, in view of his *pro se* incarcerated status, exercised diligence in filing his motion for delayed appeal. Petitioner states that it took him until December 1, 2005, to submit his motion for delayed appeal to prison officials for mailing because he had to conduct research, get documents notarized, and obtain a certified

statement of his account balance. *See Objections*.

This argument is not persuasive. Even if this Court were to toll the running of the statute of limitations during the 39 days that it took petitioner to file his motion for delayed appeal beyond its due date, this action still would be time-barred. Further, contrary to petitioner's allegation here, the record does not reflect that petitioner exercised diligence in pursuing his claims. He waited 349 days, until January 10, 2007, after the appellate court's January 26, 2006, denial of his motion for delayed appeal, before filing a delayed motion for reconsideration in the state appellate court.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be applied only sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)

> ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt,* 337 F.3d 638, 642-43 (6th Cir.2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.,* at 643, citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001). Upon consideration of the foregoing, the record fails to reflect that equitable tolling of the statute of limitations is appropriate.

At the time petitioner was convicted and sentenced, *i.e.,* September 2005, the statute of limitations in habeas corpus cases had long been in effect, and it would not have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases. There is no reason to conclude that petitioner did not have constructive knowledge of the one-year filing requirement. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a

3

> presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218. As discussed, the record does not indicate that petitioner exercised diligence in pursuing his claims. Further, certainly the respondent will suffer some prejudice, if only in terms of time and expense, if this Court were to toll the running of the statute of limitations in this case.

Petitioner, however, contends that he is entitled to equitable tolling of the statute of limitations because respondent failed to establish prejudice. This argument likewise is not persuasive. Neither *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002), nor *Lagway v. Dallman*, 806 F.Supp. 1322 (N.D. Ohio 1992), referred to by petitioner in support of his contention that equitable tolling of the statute of limitations is appropriate in view of the lack of prejudice to respondent, assist petitioner. In *Miller v. Collins, supra*, the United States Court of Appeals for the Sixth Circuit held that equitable tolling of the statute of limitations was appropriate where the petitioner had not been timely notified of the appellate court's decision denying his appeal, diligently pursued his claims, and the State failed to articulate prejudice. Such are not the circumstances here. *Lagway v. Dallman, supra*, involved the District Court's discussion of application of Rule 9(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, as opposed to equitable tolling of the statute of limitations, and therefore is not applicable here.

4

Finally, petitioner again argues that he is entitled to ninety days equitable tolling of the statute of limitations from April 18, 2007, when the Ohio Supreme Court denied his motion for delayed appeal, *i.e.*, the time period in which he could have, but did not, file a petition for a writ of *certiorari* to the United States Supreme Court.  As noted by the Magistrate Judge, however, the Supreme Court held in *Lawrence v. Florida*, 127 S.Ct. 1079, 1086 (2007), that a petition for a writ of *certiorari* does not toll the running of the statute of limitations under 28 U.S.C. 2244(d).  *See also Braithwaite v. Eberlin*, 2008 WL 2844712 (N.D. Ohio July 22, 2008)("Motions for delayed appeal in Ohio's courts may toll the statute of limitations under 28 U.S.C. § 2244(d)(2) but are not part of the direct appeal process for purposes of 28 U.S.C. § 2244(d)(1)(A)"), citing *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001); *DiCenzi v. Rose,* 452 F.3d 465, 468 (6th Cir. 2006); *Winkfield v. Bagley,* unpublished, 66 Fed. Appx. 578, 582 (6th Cir. May 28, 2003).

Pursuant to 28 U.S.C. 636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*.  For all of the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.  His request for an evidentiary hearing is **DENIED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

\s\ George C. Smith
GEORGE C. SMITH

5

                                    United States District Judge