# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARK APPLEGARTH**  CASE NO. 2:07-cv-01207
  JUDGE SMITH
    **Petitioner,**  MAGISTRATE JUDGE ABEL

v.

**WARDEN, NORTH CENTRAL CORRECTIONAL INSTITUTION,**

    **Respondent.**

## OPINION AND ORDER

On September 23, 2008, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). This matter is before the Court on petitioner's October 17, 2008, request for a certificate of appealability and request to proceed *in forma pauperis* on appeal. Doc. Nos. 18, 19. For the reasons that follow, petitioner's request for a certificate for a certificate of appealability and his request to proceed *in forma pauperis* on appeal, Doc. Nos. 18, 19, are **GRANTED**.

In this federal habeas corpus petition, petitioner asserts that he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and that he was denied the effective assistance of counsel when his attorney failed to file a timely notice of appeal. On September 23, 2008, the Court dismissed petitioner's claims as time-barred.

Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The Court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Upon review of the record, the Court concludes that reasonable jurists would debate whether this Court was correct in its dismissal of petitioner's claims as time-barred, as well as whether the petition states a valid claim of the denial of a constitutional right. *See id.* Therefore, petitioner's request for a certificate of appealability, Doc. No. 19, is **GRANTED.** The Court certifies the following issue for appeal:

> Did this Court properly dismiss the instant habeas corpus petition as barred by the one-year statute of limitations under 28 U.S.C. §2244(d)?

Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters, *see Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997), the issue is simply whether petitioner can afford the $455.00 filing fee for an appeal. Upon a review of petitioner's affidavit of indigency, Court concludes that he cannot. His request for leave to proceed *in forma pauperis* on appeal therefore also is **GRANTED**.

2

Petitioner's request for a certificate for a certificate of appealability and his request to proceed *in forma pauperis* on appeal, Doc. Nos. 18, 19, are **GRANTED**.

**IT IS SO ORDERED**.

                \s\George C. Smith
                GEORGE C. SMITH
                United States District Judge